David V. Jafari, SBN: 207881
*djafari@jafarilawgroup.com*
**JAFARI LAW GROUP, INC.**
801 N. Parkcenter Drive, Suite 220
Santa Ana, California, 92705
Telephone: (714) 542-2265
Facsimile: (714) 542-2286

Attorney for Plaintiff
NORBERT TSCHAKERT

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERT TSCHAKERT, an individual,<br><br>        Plaintiff,<br><br>        -v-<br><br>HART ENERGY PUBLISHING, LLLP, a Delaware limited partnership; HART ENERGY MAPPING AND DATA SERVICES, LLC, a Delaware limited liability company; REXTAG STRATEGIES, INC., a Nevada corporation; TZOLKIN HOLDINGS, a Nevada corporation; REINOLD TAGLE, an individual; SYLVIA CARCAMO, an individual; PAULA SILVA, an individual; CARLOS MAUER, an individual; and DOES 1-100, inclusive,<br><br>        Defendants. | Civil No. 10cv2598-L(WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER PERMITTING LIMITED DISCOVERY DIRECTED TO THE ISSUE OF DETERMINING CITIZENSHIP OF DEFENDANTS OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME ON A HEARING ON A MOTION FOR AN ORDER PERMITTING SUCH DISCOVERY**<br><br>Hon. Judge M. James Lorenz<br>Courtroom 14 – Fifth Floor<br>Hon. Magistrate Judge William McCurine, Jr.<br>Courtroom C – First Floor<br><br>[*filed concurrently with Motion For Order Allowing Plaintiff Leave to Take Immediate Discovery and Declaration of David Jafari in support of the Motion*]<br><br>Demand for Jury Trial |

- 1 -
MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiff NORBERT TSCHAKERT ("Tschakert") seeks to learn the citizenship of Defendants HART ENERGY PUBLISHING, LLLP and HART ENERGY MAPPING AND DATA SERVICES, LLC (collectively "Hart") in order to determine this Court's subject matter jurisdiction, and seeks a Court order allowing early discovery of facts from Hart in order to determine this Court's subject matter jurisdiction. Tschakert also seeks an order continuing its time to file its First Amended Complaint to a date 90 days after the date of the Order allowing early discovery. In the alternative, Tschakert seeks an order shortening time for a hearing on a noticed motion permitting him to conduct such discovery and continuing his time to file his First Amended Complaint to a date that is Ninety (90) days after the requested hearing date.

## INTRODUCTION AND FACTUAL BACKGROUND

1. Tschakert commenced the instant action on December 16, 2010. Tschakert's basis for this Court's jurisdiction was diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. The Complaint makes the following jurisdictional allegations regarding the citizenship of the Hart Defendants:

> Defendant Hart Energy Publication, LLLP is a limited partnership that is organized and registered under the laws of the State of Delaware and none of its limited partners or general partners is a citizen of the State of Massachusetts. Defendant's principle place of business is not in the State of Massachusetts.
>
> Defendant Hart Energy Mapping and Data Services, LLC, is a limited liability company that is organized and registered under the laws of the State of Delaware and none of its members are a citizen of the State of Massachusetts. Defendant's principle place of business is not in the State of Massachusetts. (Compl. at para. 5-6).

3. Tschakert made these allegations on the ground that according to Harts' business website, Hart's only places of business are in Texas and Virginia. (Jafari Decl. at para. 4)

4. Additionally, according to Delaware Secretary of State's website, the Harts are incorporated in Delaware and have their place of business located in Texas. (Jafari Decl. at para. 4)

5. On January 3, 2011, this Court, *sua sponte*, issued an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction ("Order") with leave to file a First Amended Complaint by January 21, 2011.

6. The Order based its ruling on Tschakert's failure to affirmatively allege the citizenship of Hart defendants.[1]

7. Tschakert does not know the identity of the members and partners of the Hart Defendants, as this information is not publicly available and the Hart Defendants refuse to voluntarily divulge said information.

8. If Tschakert is denied leave to discover the identity of the Harts defendants, Tschakert's will not be able to affirmatively allege the citizenship of the Hart defendants, and this action will be dismissed. Tschakert will be irreparably prejudiced in his ability to allege the identity and citizenship of Hart's members and partners, and his due process right violated if Tschakert is denied an opportunity to conduct such limited discovery.

9. Tschakert had to bring this motion *ex parte*, because there is not enough time to bring a regularly noticed motion. Immediate relief is necessary because Tschakert's Complaint will be dismissed if he does not learn the citizenship of the Hart Defendants and amend his Complaint so to affirmatively allege the citizenship of the Hart Defendants by January 21, 2011.

---

[1] The Order also stated that Tschakert's failure to allege the principal place of business for defendants Rextag Strategies, Inc. and Tzolkin Holding is also a basis to dismiss the Complaint for lack of subject matter jurisdiciton. However, Tschakert has sufficient information to affirmatively allege said defendants' principal place of business and does not need to conduct expedited discovery concerning same.

10.     Pursuant to Federal Rules of Civil Procedure (FRCP), Rule 26(d), this Court can order the relief sought by an *ex parte* order.

11.     On January 17, 2011, before making this Motion, Tschakert's counsel informed the counsels for all Defendants, via correspondence, that that the instant Motion will be made by January 18, 2011 in the above entitled Court, in Courtroom 14 – Fifth Floor, before Honorable Judge M. James Lorenz. (*See* Jafari Decl., para. 3). A copy of this Motion and supporting papers were emailed to counsels for all Defendants. Said papers were also mailed to said recipients. (*Id.* Para. 3). William O'Neil, counsel for the Hart defendants, stated that he will be opposing the Motion. (*Id.* Para. 3). Jack Fitzmaurice, counsel for defendants Carlos Mauer and Paula Silva, stated that he will not be opposing this Motion. Counsel for defendants Rextag Strategies, Inc., Tzolkin Holdings, Reinold Tagle, a Sylvia Carcamo, stated that until he sees the *ex parte* application and supporting papers, he is uncertain whether he is going to oppose this Motion. (*Id.* Para. 3).

## ARGUMENT

### Federal Rules Allow For Early Discovery To Determine The Court's Own Jurisdiction

12.     Federal Rules allow for discovery prior to an FRCP 26 conference upon a showing of good cause. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 276. "A court order permitting early discovery may be appropriate "where the need for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."" *Liberty Media Holdings, LLC v. Doe*, 2010 U.S. Dist. LEXIS 116816 (S.D. Cal. Nov. 3, 2010); *see also Quintero Family Trust v. Onewest Bank*, 2009

U.S. Dist. LEXIS 96376, 3-4 (S.D. Cal. Oct. 16, 2009); *United States v. Distribuidora Batiz, S.A. de C.V.*, 2009 U.S. Dist. LEXIS 96076 (S.D. Cal. Oct. 14, 2009). Importantly, "[w]here appropriate, the court may order discovery limited to the question of its own jurisdiction." Weil & Brown, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial*, ch. 2:555 (The Rutter Group 2010).

13. Good cause exists in this case because Tschakert's need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the Hart defendants.

14. Tschakert's need for expedited discovery is dire, as its case will be dismissed if he can't discover the identity of Hart's partners and members. The requested discovery is necessary for Tschakert to determine the identity and citizenship of Hart's partners and members. There are no other practical measures Tachakert could take to identify Hart's partners and members. Tschakert is s aware of no available information that would identify Hart's partners and members. Hart is in exclusive possession of said information and, by withholding said information, is improperly using the diversity of citizenship rules as an offensive sword to defeat the merits of Tschakert's case based on a procedural defect. Allowing the Harts to escape liability by withholding the identity of its members and partners would be a miscarriage of justice.

15. The administration of justice will not be affected by allowing Tschakert to conduct early discovery, because the Court will not be overly burdened. Tschakert's discovery will include a few written interrogatories and requests for production of documents, all limited to the question of the Hart defendant s' citizenship. Tschakert anticipates that he will conclude this limited early discovery within 90 days of an order allowing for such discovery. This will provide Tschakert time to propound discovery to the Hart Defendants and bring any Motions necessary to compel Hart's response. If early discovery reveals that this Court does not have

subject matter jurisdiction, Tschakert will dismiss this case. However, Harts' counsel has represented to Tschakert's counsel that none of the Harts' partners or members are a citizen of Massachusetts, but Hart refuses to divulge the identity and citizenship of its members and partners. (*See* correspondences attached to Exhibit 1 and 2 of Jafari decl.)

16.     Lastly, the prejudice to the Hart defendants and the other parties is minimal.  At most, the parties will have to wait 90 days before they file their response.  But this delay is not unreasonable.  Also, they will not incur any additional expenses.

**CONCLUSION**

17.     Tschakert requests the Court to issue the requisite Order granting Tschakert leave to take immediate discovery for the limited purpose of determining the Court's subject matter jurisdiction, and continuing Tschakert's time to file its First Amended Complaint to a date 90 days after the date of the Order allowing early discovery. In the alternative, Tschakert requests the Court to issue an order shortening time for a hearing on a noticed motion permitting him to conduct such discovery and continuing his time to file his First Amended Complaint to a date that is Ninety (90) days after the requested hearing date

Dated: January 18, 2011                    Respectfully submitted,

                                            s/David V. Jafari

                                           _____

                                           David V. Jafari, Attorneys for Plaintiff
                                           JAFARI LAW GROUP, INC.
                                           801 N. Parkcenter Drive, Suite 220
                                           Santa Ana, California, 92705
                                           djafari@jafarilawgroup.com
                                           Telephone: (714) 542-2265
                                           Facsimile: (714) 542-2286