UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORBERT TSCHAKERT, | ) | Civil No. 10cv2598-L(WMC) |
| Plaintiff, | ) ) | **ORDER OVERRULING PLAINTIFF'S OBJECTION TO** |
| v. | ) ) | **MAGISTRATE JUDGE'S JANUARY 21, 2011 ORDER** |
| HART ENERGY PUBLISHING, LLLP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff Norbert Tschakert filed an action against several defendants to set aside an alleged fraudulent transfer under California law. The Court sua sponte dismissed the action because plaintiff did not adequately allege subject matter jurisdiction. Plaintiff was given until January 21, 2011, in which to file an amended complaint that would provide the court with a basis for finding subject matter jurisdiction under 28 U.S.C. Section 1332(a)(1).

On January 18, 2011, plaintiff filed an ex parte motion for immediate discovery for determining subject matter jurisdiction. [doc. #4] Under the Civil Local Rules, the motion was directed to the assigned magistrate judge for consideration. On January 25, 2011, Magistrate Judge William McCurine, Jr. denied plaintiff's request finding that because the action had been dismissed, the Court lacked the authority to consider the discovery motion and accordingly, did not consider the ex parte motion on the merits.

Plaintiff has now filed an objection to the magistrate judge's Order contending that the ex

parte motion concerning discovery was a dispositive motion that should have been considered by the district court judge, and the language of the order of dismissal demonstrates that the district court intended to retain jurisdiction over the case.

When considering objections to a magistrate judge's non-dispositive discovery order under Federal Rule of Civil Procedure 72(a), the district judge must modify or set aside any part of the order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decision made in connection with non-dispositive pretrial discovery matters." *FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D.Cal.2000). "Clearly erroneous" review is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993). The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." *Fidelity*, 196 F.R.D. at 378.

Because it is a discretionary decision regarding a non-dispositive pretrial matter, this Court reviews Magistrate Judge McCurine's Order under 28 U.S.C. § 636(b)(1)(A) using a "clearly erroneous" standard. *See also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."). Nevertheless, the Court also reviews the decision under the "contrary to law" standard.

**Discussion**

The linchpin of any discussion concerning this action is the Court's subject matter jurisdiction. As discussed in its Order dismissing the action, the federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*,

526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The Court carefully reviewed plaintiff's complaint and found it did not allege the facts necessary to establish diversity as required by 28 U.S.C. Section 1332. The complaint was *dismissed* for lack of subject matter jurisdiction. Plaintiff was given leave to file an amended complaint in order to properly demonstrate the Court's subject matter jurisdiction. Plaintiff does not have a complaint pending before the Court.

As a matter of law, when a case has been dismissed because the Court lacks subject matter jurisdiction, there can be no discovery ordered by either the magistrate judge or the district court judge. Leave to amend the complaint does not and cannot establish the Court's continuing jurisdiction when subject matter jurisdiction was never established. Accordingly, the magistrate judge did not err in finding the court lacked the authority to consider the motion.

Further, pre-complaint discovery is not contemplated under the Federal Rules of Civil Procedure except under Rule 27. Rule 27 is intended to apply to situations in which testimony might be lost to a prospective litigant unless taken immediately, without having to wait for a lawsuit or other legal proceeding to commence. In other words, Rule 27 applies "only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir.1975). Rule 27 does not permit inquiry as broad as the discovery provisions of Rule 26(b). *State of Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nevada 1993), affirmed, 63 F.3d 932 (9th Cir. 1995).

/ / /

/ / /

/ / /

/ / /

**Conclusion**

Because the complaint was dismissed based on lack of subject matter jurisdiction, the Court did not and could not retain jurisdiction over the case. Plaintiff's request for pre-complaint discovery was a non-dispositive matter appropriately directed to the magistrate judge. For the reasons explained above, the order finding the Court lacked the authority to consider the motion because there was no complaint pending is not clearly erroneous. Further, the Court concludes that the magistrate judge's order is not contrary to law but is in fact required by law.

Accordingly, plaintiff's objections to the magistrate judge's January 21, 2011 Order are **OVERRULED**. The above-captioned case remains dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: January 31, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL