

FILED
AUG 15 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

NORBERT TSCHAKERT,

                              Plaintiff,

vs.

HART ENERGY PUBLISHING, LLLP, et al.,

                              Defendant.

CASE NO. 10cv2598-L (WMc)

**ORDER GRANTING REQUEST FOR EXPEDITED DISCOVERY**
[Doc. No. 27]

## INTRODUCTION

Plaintiff Norbert Tschakert ("Tschakert") filed an action against several Defendants to set aside an alleged fraudulent transfer pursuant to California law. Plaintiff alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1).

On June 8, 2011, Tschakert filed a motion for limited discovery on the citizenship of two specific defendants: Hart Energy Publishing Limited Liability Limited Partnership ("LLLP") and Hart Energy Mapping and Data Services Limited Liability Company ("LLC").[1] Also, Tschakert moved to stay all proceedings in this action, other than proceedings on jurisdictional discovery, for 90 days. [Doc. No. 27]. The Hart Defendants object to Tschakert's discovery request and,

---

[1] The Court will refer to Hart Energy Publishing LLLP and Hart Energy Mapping and Data Services LLC collectively as the Hart Defendants for ease of reference.

assuming the Court grants Tschakert's request, seek clarification and limitation on the scope of disclosure. [Doc. No. 27-1]. After reviewing the papers and based on the following analysis, the Court finds good cause to grant Tschakert's request.

## PROCEDURAL AND FACTUAL BACKGROUND

*Tschakert's Prior Request*

On January 6, 2011, District Judge Lorenz issued an order *sua sponte* dismissing without prejudice the above captioned case for lack of subject matter jurisdiction. [Doc. No. 3]. On January 18, 2011, Tschakert submitted an *ex parte* motion for expedited discovery. [Doc. No. 4]. Specifically, Tschakert sought "to learn the citizenship of Defendants HART ENERGY PUBLISHING, LL[L]P AND HART ENERGY MAPPING AND DATA SERVICES, LLC (collectively 'Hart') in order to determine this Court's subject matter jurisdiction. . ." *Id.*

Judge Lorenz dismissed this case for a lack of subject matter jurisdiction because the complaint failed to allege the facts necessary to establish diversity as required by 28 U.S.C. Section 1332. [Doc. No. 3 at 2]. Because Tschakert filed his *ex parte* motion *after* Judge Lorenz dismissed the case, the Court lacked the authority to consider the motion and consequently denied it as moot. [Doc. No. 8]. Tschakert objected to Magistrate Judge McCurine's order denying expedited discovery and Judge Lorenz overruled Tschakert's objection. [*See* Doc. Nos. 9 & 10].

Subsequently, Tschakert filed an amended complaint [Doc. No. 22] to which the Hart Defendants filed a motion to dismiss for lack of jurisdiction [Doc. No. 23] and Defendants Mauer and Silva filed a motion to dismiss pursuant to Rules 9(b) and 12(b)(6) [Doc. No. 24]. Both motions to dismiss are currently pending before Judge Lorenz.

*Tschakert's Current Request*

Tschakert seeks to discover the citizenship of the Hart Defendants so he can establish proper subject matter jurisdiction or dismiss the complaint. [Doc. No. 27-1 at 3, 5]. Tschakert's proposed discovery includes "a few written interrogatories and requests for production of documents, and maybe the deposition of Hart's person most qualified to answer citizenship questions, all limited to the question of the Hart [D]efendants' citizenship." *Id.* at 5. Tschakert also requests a 90 day stay of proceedings so he may conduct jurisdictional discovery. *Id.* Tschakert

asserts he knows of no other practical measures or available information to determine the Hart Defendants' citizenship. *Id.* at 4.

### *Hart Defendants' Opposition*

The Hart Defendants contend jurisdictional discovery during a pending subject matter jurisdiction challenge is not appropriate unless a party challenges the pleading's accuracy. [Doc. No. 32 at 2]. Here, the Hart Defendants accept Tschakert's allegations as true and contend the citizenship allegations fail for lack of specificity. *Id.* at 5. Thus, Defendants assert their attack on the sufficiency of Tschakert's allegations, as opposed to the accuracy of the allegations, renders jurisdictional discovery inappropriate. *Id.*

If the Court grants jurisdictional discovery, the Hart Defendants contend the Court should balance the privacy rights of the Hart Defendants' members against Tschakert's discovery interests. *Id.* at 7. The Hart Defendants propose limiting the scope of the discovery to prevent the identification of individual members to Tschakert. *Id.*

## STANDARDS

### *Expedited Discovery*

In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless by court order or agreement of the parties. A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).

### *Discovery on the Citizenship of LLCs and Partnerships*

Federal courts are courts of limited jurisdiction and thus hear cases involving federal questions or diverse parties. *See Rasul v. Bush*, 542 U.S. 466, 489 (2009). Diversity requires a matter in controversy between citizens of different States that exceeds $75,000. 28 U.S.C. § 1332(a)(1). If litigants are entities rather than individuals, the form of entity dictates citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An unincorporated association possesses the citizenship of all of its members whereas a corporation's

citizenship includes the state of its principal place of business and the state of incorporation. *Johnson*, 437 F.3d at 899. Therefore, the citizenship of an unincorporated association, such as an LLC or partnership, extends to every state in which its members are citizens. *Id.*

To determine the citizenship of an LLC, courts look to the citizenship of the LLC's members and, if necessary, the LLC's members' members. *Plush Lounge Las Vegas, LLC v. Lalji*, No. CV 08-8394-GW (JTLx), 2010 WL 5094238, at *2 (C.D. Cal. Dec. 7, 2010). Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs. *See id.* Each of these subsequent entities possess their own constituent citizenship. *See id.* (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011). Therefore, courts determine an LLC's citizenship by tracing the layers of membership to decide if diversity jurisdiction exists. *See, e.g., Gladys McCoy Apartments, Ltd. P'ship v. State Farm Fire & Cas. Co.*, No. CV 09-981-PK, 2010 WL 1838941, at *2 (D. Or. Mar. 30, 2010) (determining diversity by looking into *third layer* of membership of plaintiff limited partnership).

## DISCUSSION

### *The Citizenship of the Hart Defendants*

Following the Ninth Circuit standard for complete diversity and other district courts' application of that standard in the context of unincorporated associations, this Court will review the constituent layers of the defendant LLC and LLLP, sequentially by constituent-layer. This systematic approach minimizes Defendants' privacy concerns while allowing the Court to ascertain its jurisdiction.

Here, Defendants have already provided Plaintiff with information concerning several layers of its membership: Hart Energy Mapping & Data Services, LLC's, sole member is Hart Energy Publishing LLLP. [Doc. No. 32 at 6]. The LLLP has two partners, both of which are LLCs ("Partner LLCs"). *Id.* Each Partner LLC is owned by another LLC ("Owner LLC"). Owner LLCs are ultimately "owned by individuals and other business associations, including partnerships." *Id.* at 7.

Therefore, the Court designates the following layers of the Hart Defendants' constituency. *Layer 1* includes Hart Energy Mapping & Data Services, LLC. *Layer 2* includes Hart Energy's sole constituent, Hart Energy Publishing LLLP. *Layer 3* includes Hart Energy Publishing's two constituents which the Court designates as Partner A and Partner B (both LLCs). *Layer 4* includes two constituents which the Court designates as Owner 1 and Owner 2 (both LLCs). Owner 1 is the sole constituent of Partner A whereas Owner 2 is the sole constituent of Partner B. Finally, *Layer 5* includes the potentially numerous constituents of Owner 1 and Owner 2, both of which include allegedly unknown business associations and individuals.[2]

Given the constituent-layers outlined above, the Court finds the citizenship of the Hart Defendants can only be determined by analyzing the citizenship of the allegedly unknown individuals and business associations in *Layer 5*. The citizenship of the LLLP Hart Defendant is necessarily the citizenship of the LLC Hart Defendant because the LLLP is the sole constituent of the LLC. Furthermore, the citizenship of one individual or corporation in *Layer 5* could determine this jurisdictional puzzle. Indeed, any *Layer 5* constituent that is a citizen of Massachusetts will defeat diversity. Likewise, limited discovery on the citizenship of the *Layer 5* individuals or corporations may prove dispositive of diversity jurisdiction whereas discovery on the citizenship of any *Layer 5* LLCs or LLLPs will only further the Court and parties descent into the citizenship rabbit hole.

### *The Equities Also Favor Discovery of Defendants' Citizenship*

The Court finds Tschakert's need for limited discovery great and the prejudice to the Hart Defendants minimal. Indeed, if Tschakert cannot establish the citizenship of the Hart Defendants, he will likely fail to establish complete diversity and his First Amended Complaint may be dismissed for lack of subject matter jurisdiction. Tschakert has faced this predicament before; this Court denied Tschakert's previous motion for discovery because Judge Lorenz had dismissed the complaint and thus the Court had no operative complaint from which to grant Tschakert's motion. [*See* Doc. No. 8]. Now, with an operative complaint present, the Court finds Tschakert's need for discovery great because the complaint risks dismissal for lack of subject matter jurisdiction and

---

[2] See Exhibit A, attached.

1  Tschakert appears to have exhausted other methods of obtaining the information, including
2  informal discovery and meet and confer.
3        Likewise, the Court finds minimal prejudice to the Hart Defendants in submitting to limited
4  discovery on the question of the Hart defendants' citizenship. Although the Hart Defendants
5  characterize this request as requiring "substantial additional investigation," the Defendants do not
6  argue the task is impossible or beyond their means. After balancing the equities, the Court
7  concludes the Defendants should bear this burden. Here, the Hart Defendants' chose LLC or LLLP
8  status, enjoy the benefits of that status including the anonymity of its' members, used that
9  anonymity to defeat Tschakert's allegations of complete diversity in the original complaint, and
10 now argue the burden on Defendants' in disclosing the citizenship of its' members places the issue
11 of subject matter jurisdiction beyond the Court's scrutiny. With all the equities thus far favoring
12 Defendants, the Court finds minimal prejudice to Defendants in producing the citizenship
13 information of their *own* members sequentially as needed. Finally, because Tschakert intends to
14 dismiss this action upon evidence of a lack of complete diversity, the burden on the Hart
15 Defendants could be minimal.
16       Moreover, to accept Defendants' implied argument that their alleged ignorance of their
17 members' citizenship creates a substantial burden which prejudices their interests, would require
18 the Court to accept the proposition that federal subject matter jurisdiction in the present case is
19 beyond judicial scrutiny. *See Greentech Capital Advisors Securities, LLC, v. Enertech*
20 *Environmental, Inc.*, 2011 WL 1795318 *1 (S.D.N.Y. April 29, 2011). This is a proposition the
21 Court will not accept. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro.*
22 *Before Trial*, ch. 2:2052 (The Rutter Group 2011) ("Where appropriate, the court may order
23 discovery limited to the question of its own jurisdiction.").
24       Furthermore, the Court finds the Hart Defendants' reliance on *Valentin v. Hospital Bella*
25 *Vista*, 254 F.3d 358 (1st Cir. 2001) unpersuasive. Specifically, the Court disagrees with the
26 Defendants' conclusion that the dichotomy between facial and factual complaint-challenges set
27 forth in *Valentin* necessarily implies early discovery is permissible in factual *but not* facial
28 challenges. Indeed, Defendants' conclusion ignores this Court's "obligation" to investigate and

ensure its own jurisdiction and ignores the long-held jurisdictional maxim that jurisdiction cannot depend on stipulation or waiver of the parties. *See Janakes v. United States Postal Service*, 768 F.2d 1091, 1095 (9th Cir. 1985); *see also, Truck Insurance Exchange v. The Manitowoc Company*, 2010 WL 4961618 *1 (D.Ariz. Dec. 1, 2010) *citing United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003). Jurisdiction cannot depend on the stipulation or waiver of the parties. *Id*. Likewise, jurisdiction should not depend on how Defendants characterize their jurisdictional challenge or on Defendants' alleged ignorance of the citizenship of its own members. *See Greentech*, 2011 WL 1795318 at *1.

To allay Defendants' fears of the disclosure of their members private information and burden of complying with Tschakert's proposed discovery, and to expedite the entire process, the Court **Orders** the following discovery schedule:

1. The Hart Defendants must file a notice with the Court, supported by the affidavit or declaration of an appropriate official or officials, setting forth whether any of Owner 1's *Layer 5 corporate* or *individual* constituents were citizens of Massachusetts as of the date of the filing of the complaint. Defendants must submit this notice **on or before August 26, 2011**. The Court instructs Defendants to file, under seal, the name, address and phone number of any *corporate* or *individual* citizen of Massachusetts. The notice and affidavit **must not** be filed under seal.

2. If diversity still exists after the first submission, the Hart Defendants must file a notice with the Court, supported by the affidavit or declaration of an appropriate official or officials, setting forth whether any of Owner 2's *Layer 5 corporate* or *individual* constituents were citizens of Massachusetts as of the date of the filing of the complaint. Defendants must submit this notice **on or before September 2, 2011**. The Court instructs Defendants to file, under seal, the name, address and phone number of any *corporate* or *individual* citizen of Massachusetts. The notice and affidavit **must not** be filed under seal.

3. If diversity still exists after the second submission, Defendant must notify the Court and identify any *Layer 5 **unincorporated associations*** and identify the entity make-up of those unincorporated associations (i.e., corporate, individual, or unincorporated association) **on or before September 9, 2011**. At that time, the Court will issue another order as to discovery

regarding the *Layer 6* constituents.

## Conclusion

Tschakert's motion for limited discovery [Doc. No. 27] is **GRANTED** consistent with this Order. All other proceedings in this action are stayed for 90 days or until the resolution of this jurisdictional discovery issue. The parties shall forthwith comply with this order.

**IT IS SO ORDERED**.

DATED: August 12, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

*Tschakert v. Hart Energy Publishing LLLP*
10-cv-2598 L (Wmc)

LLC/Partnership Membership Structure for Diversity Jurisdiction Determination Purposes

